IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH REICHERT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 10-3832 |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INS. CO., | : | |
| | : | |
| Defendant. | : | |

OPINION

Slomsky, J.                                                                                                   March 29, 2011

## I.    INTRODUCTION

Before the Court are Cross Motions for Summary Judgment filed by Defendant State Farm Insurance Company ("State Farm") and Plaintiff Deborah Reichert (Doc. Nos. 11, 12). The parties have filed a Joint Stipulation of Facts (Doc. No. 10) and agree that there is a single legal issue for the Court to decide — whether Ms. Reichert is entitled to "stack" or aggregate the coverage of her automobile insurance policy with the coverage of the automobile insurance policy of her parents, thereby increasing her total coverage by $100,000. For reasons that follow, the Court holds that Ms. Reichert is not entitled to stack the coverage of her insurance policy with the coverage of the insurance policy of her parents. Accordingly, the Court will grant State Farm's Motion for Summary Judgment and deny Ms. Reichert's Motion for Summary Judgment.

## II.   FACTUAL BACKGROUND[1]

On December 18, 2007, Plaintiff Deborah Reichert was operating her 2002 Ford

---

[1] The facts contained in the Factual Background are set forth in the Joint Stipulation of Facts submitted by the parties on November 24, 2010 (Doc. No. 10).

1

Explorer. She was stopped at a red light when her vehicle was rear-ended by a vehicle operated by Shawn Davis. Mr. Davis's vehicle was insured by Praetorian Insurance Company ("Praetorian") at the time of the accident.[2] Following the accident, Ms. Reichert filed a claim with Praetorian, seeking payment for injuries sustained as a result of the accident caused by its insured, Mr. Davis. Praetorian paid to Ms. Reichert an amount equal to the liability limits of Mr. Davis's insurance policy. Since the amount paid did not satisfy the damages she sustained in the accident, Plaintiff filed claims for underinsured benefits pursuant to the terms of her automobile policy and that of her parents. She also filed a claim under the automobile insurance policy of her son, Christopher Reichert.

At the time of the accident, Ms. Reichert resided with her son, Christopher Reichert, and her parents, George and Ella Downing (the "Downings"). Defendant State Farm had issued the three separate insurance policies to members of Ms. Reichert's household: one to Ms. Reichert (the "Reichert Policy"), one to her son, and one to her parents (the "Downing Policy"). Following the December 18, 2007 accident, Ms. Reichert made a claim under each policy.

**A. The Policies**

    1. <u>The Reichert Policy</u>

The Reichert Policy insures Ms. Reichert's 2002 Ford Explorer. It includes underinsured motorist (UIM) benefits in the amount of $25,000. UIM benefits are benefits an insured receives when a third party causes an accident but has insufficient funds under his policy to pay the full amount of damages caused by the accident. In the instant case, the accident was caused by a third party — Mr. Davis. Although Mr. Davis was insured by Praetorian, his liability limits were

---

[2] Mr. Davis and Praetorian Insurance Company are not parties to the instant case.

insufficient to cover the damages sustained by Ms. Reichert. To cover the damages not included in the payment from Praetorian, Ms. Reichert sought UIM benefits from State Farm.

The Reichert Policy contains a stacking provision. A stacking provision allows an insured "to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." McGovern v. Erie Ins. Group, 796 A.2d 343, 344 (Pa. Super. Ct. 2002); Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. C.S. § 1738(a). Pursuant to this stacking provision, Ms. Reichert seeks to stack the UIM benefits of her policy — the Reichert Policy — with the benefits of the Downing Policy and the policy of her son.

### 2. The Policy of Christopher Reichert

The policy issued to Christopher Reichert, son of Ms. Reichert, insures Christopher Reichert's 2007 Hyundai Accent. This policy is identical to the Reichert Policy in all relevant respects. It provides $25,000 in UIM benefits and contains a stacking provision.

### 3. The Downing Policy

The Downing Policy insures the Downings' 1998 Buick Lesabre and provides $100,000 in UIM benefits. The Policy contains a waiver whereby the Downings explicitly rejected stacking. The Waiver titled "Rejection of Stacked Underinsured Coverage Limits" provides:

> By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sums of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

(See Doc. No. 16.) By signing this waiver of the stacking provision, the Downings paid a lower

3

premium for their automobile insurance and received for themselves a higher UIM benefit or $100,000 in coverage.

The Downing Policy also contains an exclusion (the "Household Exclusion"), which excludes from coverage damages arising from the operation of a vehicle, other than the one insured under the Policy, by a "resident relative" of the insured. The Household Exclusion provides:

> There is no coverage for any insured who sustains bodily injury while occupying a motor vehicle owned by you or any resident relative if it is not your car or a newly acquired car.

(Doc. No. 10 at 48.) "Insured" is defined to include the named insureds as well as "resident relatives." (Id. at 44.) "Resident Relative means a person, other than you [the named insured(s)], who resides primarily with the first person shown as the named insured on the Declarations Page and who is: 1. related to that named insured or his or her spouse by blood, marriage, or adoption." (Id. at 26.)

### B. Plaintiff's Insurance Claims

Ms. Reichert made a claim under each policy. State Farm acknowledges that Plaintiff is entitled to payment of her claim under her Policy. It also acknowledges that she is entitled to stack her UIM coverage with the UIM benefits under her son's policy because his policy provides coverage for stacking for which he paid an appropriate premium. However, State Farm denies the stacking claim under her parents' policy, asserting that the Downings' waiver of stacking and the Household Exclusion prevent Ms. Reichert from recovering under the Downing Policy.

### C. The Motions

This case was originally filed by Ms. Reichert in the Court of Common Pleas of

Philadelphia County on July 26, 2010. (Doc. No. 1, Ex. "A.") In the Complaint, Ms. Reichert sought a declaration that she is entitled to stack the UIM benefits under the Reichert Policy with the UIM benefits under the Downing Policy.[3] On July 30, 2010, the case was removed to this Court by Defendant State Farm. (Doc. No. 1.)

On November 24, 2010, the parties filed the Joint Stipulation of Facts. (Doc. No. 10.) On December 3, 2010, State Farm filed a Motion for Summary Judgment, submitting that there exists no genuine issues of material fact and that it is entitled to judgment in its favor as a matter of law. (Doc. No. 11). On January 5, 2011, Plaintiff filed a Response in Opposition and Cross Motion for Summary Judgment, agreeing that there exist no genuine issue of material fact, but arguing that she is entitled to judgment in her favor as a matter of law. (Doc. No. 12). The Court held oral argument on the Motions on March 7, 2011.

## III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy. Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty

---

[3] The Complaint initially contained two Counts. However, on October 27, 2010, the Court approved the parties' stipulation to dismiss Count Two of the Complaint. (Doc. No. 8.)

5

Lobby, Inc., 477 U.S. 242, 248 (1986)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  Liberty Lobby, 477 U.S. at 247-49.

When the parties file cross-motions for summary judgment, as they have here, the summary judgment standard remains the same.  Appelmans v. City of Philadelphia, 826 F.2d 214, 216 (3d Cir. 1987).  "If review of [the] cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts."  Hussein v. UPMC Mercy Hospital, No. 09-547, 2011 WL 13751, at *2 (W.D. Pa. Jan. 4, 2011) (quoting Transguard Ins. Co. of Am., Inc. v. Hinchey, 464 F. Supp. 2d 425, 430 (M.D. Pa. 2006) (citing Iberia Foods Corp. v. Romeo, 150 F.3d 298, 302 (3d Cir.1998))).

## IV. DISCUSSION

In the instant case, both parties agree there is no genuine issue of material fact.  The only remaining question is a legal one: Is summary judgment appropriate in favor of either party?

The question presented is whether Ms. Reichert is entitled to "stack" the UIM benefits of her insurance policy with the UIM benefits of her parent's insurance policy.  Plaintiff's policy contains a provision that allows stacking while her parents' policy contains a provision that rejects stacking and includes a household exclusion.  The Court finds that Ms. Reichert is not entitled to stack the UIM benefits contained in the Reichert Policy with the UIM benefits contained in the Downing Policy because the valid Household Exclusion contained in the Downing Policy applies to Ms. Reichert and prevents her from receiving UIM benefits under the Downing Policy.  Since the Court finds that Ms. Reichert is prevented from aggregating the UIM

benefits of the polices, it need not address the applicability of the stacking waiver in the Downing Policy.

### A. The Household Exclusion

Under Pennsylvania law, a valid[4] household exclusion in an automobile insurance policy precludes stacking of UIM benefits. Haspel v. State Farm Mut. Auto. Ins. Co., 241 Fed. App'x 837, 841 (3d Cir. 2007). The Third Circuit has held that the applicability of stacking provisions need not be addressed if a valid household exclusion provides an independent and sufficient legal basis to deny stacking. Ginther v. Farmers New Century Ins. Co., 324 Fed. App'x 172, 175 (3d Cir. 2009). If a household exclusion "squarely rejects" coverage for another vehicle not covered by the policy, and if "the vehicle involved in an accident is covered under a separate policy, a valid household exclusion clause prohibits the stacking of uninsured or underinsured coverage across multiple insurance policies." Haspel, 241 Fed. App'x at 841 (citations omitted). "The claimant may recover under the policy covering the occupied vehicle, but [she] cannot add

---

[4] To be a valid, the policy language of a contract for insurance must be "clear and unambiguous." Erie Ins. Exch. v. Baker, 972 A.2d 507, 511 (Pa. 2009). In the instant case, the language of each policy is clear, unambiguous, and commonplace. For example, the waiver of stacking provision contained in the Downing Policy is identical to the language for such a provision suggested by the Motor Vehicle Financial Responsibility Law ("MVFRL"). MVFRL provides:

> By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

75 Pa.C.S. § 1738.

7

coverage provided by the policy containing the exclusion." Id. (quoting Nationwide Mut. Ins. Co. v. Hampton, 935 F.2d 578, 587 (3d Cir. 1991)).

Thus, if the Court finds that the Household Exclusion contained in the Downing Policy "squarely rejects" coverage for Ms. Reichert's 2002 Ford Explorer, which is covered under the separate Reichert Policy, the Court need not address the applicability of the stacking provisions because the Household Exclusion would provide an independent legal basis to prevent Ms. Reichert from stacking. Id.

The Household Exclusion at issue here provides:

> There is no coverage for any insured who sustains bodily injury while occupying a motor vehicle owned by you or any resident relative if it is not your car or a newly acquired car.

The Court will examine both parts of this Exclusion. They encompass: (1) for whom coverage is excluded; and (2) when coverage is excluded.

### 1. Coverage is Excluded for Any Insured

The Household Exclusion denies coverage for any insured. (Doc. No. 10 at 48.) An insured includes "resident relatives" of the named insured. (Id. at 44.) A resident relative is an individual who resides with the named insured and who is related to the named insured or the spouse of the named insured by blood, marriage, or adoption. (Id. at 26.) Here, it is undisputed that Ms. Reichert resided with the Downings, who are her parents. (Doc. No. 10 ¶ 3.) Accordingly, she is a "Resident Relative" of George and Ella Downing, the named insureds. Therefore, the Household Exclusion applies to Ms. Reichert.

## 2. Coverage is Excluded Depending on the Automobile Driven

The Household Exclusion denies coverage when an individual to whom the Exclusion applies, such as Ms. Reichert, is injured while operating a vehicle not insured under the Downing Policy. Here, it is undisputed that Ms. Reichert was operating her 2002 Ford Explorer when she was injured. (Doc. No. 10 ¶ 1.) It is also undisputed that the Ford Explorer was insured under the Reichert Policy, not the Downing Policy. (Doc. No. 10 ¶¶ 4, 7.) Therefore, because Ms. Reichert, an individual to whom the exclusion applies, was operating a vehicle not insured under the Downing Policy, but insured under a separate policy, the Household Exclusion prevents her from recovering under the Downing Policy.

## 3. Application of the Household Exclusion

The Third Circuit has applied the household exclusion to deny stacking in a case analogous to the one before this Court. In Nationwide Mutual Insurance Co. v. Riley, the Third Circuit held that the household exclusion prevented a daughter from stacking coverage under her father's policy. 352 F.3d 804 (3d Cir. 2003). The insurer issued two insurance policies, one to Ms. Riley and one to her father. Id. at 805. Ms. Riley and her father resided in the same household at all relevant times. Id. Ms. Riley's insurance policy insured her 1991 Volkswagon Jetta, while her father's policy insured his personal vehicle. Id. While operating the Jetta, Ms. Riley was involved in an accident caused by the negligence of a third party. Id. at 806. She made a claim for coverage under both her policy and her father's policy. Id. While the insurer paid the claim under her policy, it denied her UIM claim under her father's policy. Id.

The Third Circuit held that the household exclusion contained in her father's policy prevented Ms. Riley from recovering any benefit under her father's policy. Riley, 352 F.3d at

9

810. The court noted that Ms. Riley's father chose to exclude coverage for other vehicles operated by household members in exchange for a reduction in premiums. Id. Allowing Ms. Riley to recover under her father's policy would provide her with a benefit for which she did not pay.[5] Id.

Similarly in this case, the Household Exclusion contained in the Downing Policy prevents Ms. Reichert from recovering under this policy. When they signed the policy, the Downings chose to exclude from coverage other vehicles driven by household members in exchange for reduced premiums. Allowing Ms. Reichert to benefit under the Downing Policy would allow her to receive a benefit for which she and her parents did not pay. To the extent Ms. Reichert contends she paid for the benefit in her own policy, the Reichert Policy, which contained a stacking provision, the Third Circuit has found that even if an insured pays for stacking under her own policy, this payment does not nullify the applicability of a valid household exclusion in another policy. See Haspel, 241 Fed. App'x at 841.

B. The Stacking Provisions

As noted above, since Plaintiff is precluded from recovering under the Downing Policy pursuant to the valid Household Exclusion, the Court need not address whether the Downings' waiver of stacked UIM benefits is binding on Plaintiff under the terms of the Downing Policy.[6]

---

[5] The Third Circuit noted in a footnote that defendant's policy contained a waiver of stacking. Riley, 352 F.3d at 805 n.2. This waiver was not mentioned again in the decision and appears to have had no bearing on the applicability of the household exclusion. As discussed above, the household exclusion provides an independent basis on which to grant summary judgment and vitiates the need to consider the stacking provision. Ginther, 324 Fed. App'x at 175. Therefore, in Riley, as here, consideration of the stacking provision is not necessary.

[6] It appears Ms. Reichert would not be entitled to stack here. The Downings elected to waive stacking in their policy in exchange for a reduced premium. This waiver applied to all

Ginther, 324 Fed. App'x at 175.

V.      CONCLUSION

The valid Household Exclusion contained in the Downing Policy prevents Ms. Reichert from recovering any benefit under the Downing Policy. Therefore, Ms. Reichert may not stack the UIM coverage of her policy with the UIM coverage of the Downing Policy. Thus, the Court will grant State Farm's Motion for Summary Judgment, deny Ms. Reichert's Motion for Summary Judgment, and enter judgment in favor of State Farm.

An appropriate Order follows.

---

insureds, including Ms. Reichert as a "resident relative." To allow Ms. Reichert to recover under the Downing Policy would allow her to receive a benefit for which neither she nor her parents paid a premium.